IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 05-0377-01-CR-W-HFS |
| CRAIG O. COPLEY, | ) | |
| Defendant. | ) | |

**ORDER**

Defendant is charged with threats against two district judges and a magistrate judge in this district. Although no threat has been made against me, or the magistrate judge assigned to this case, counsel for defendant has filed a motion to recuse.

For reasons stated in the report and recommendation, the motion will be denied.

The most pertinent and current case is <u>Clemens v. United States District Court</u>, 428 F. 3d 1175 (9th Cir. 2005), which is essentially parallel to this one, except that it was ruled on a motion for a writ of mandamus and there were many more judges in the pertinent district (Los Angeles) than in this district. To the extent mandamus procedures may impose a different test, the difference is immaterial because the Ninth Circuit ruled not only that there was no "clear error" in the denial of recusal, but that in fact the decision below was "entirely correct."

If there were any merit in the motion I would be tempted to avoid burdening Chief Judge Loken with searching for a substitute. I could suggest use of a district judge from Kansas who is authorized to sit here or a judge from St. Louis who is technically assigned to both the Eastern and Western Districts of Missouri. The change of judges would, from defendant's standpoint, be of little

significance and it would be disruptive to make a change. It would also be somewhat disruptive to change magistrate judges. <u>Clemens</u> makes clear that there is no need to take such action, but more likely a duty to remain in place. The issue presented must be viewed realistically and practically. A "rule of necessity" allows service even when there is a direct financial interest in a case, as where judicial salaries are involved. <u>United States v. Will</u>, 449 U.S. 200 (1980). Thus, practical considerations control, where there are recurring issues involving such things as threats against other judges on the same court.[*]

For reasons stated here and in the report and recommendation, the motion for recusal will be DENIED. The motion to disqualify the magistrate judge will likewise be DENIED.

/s/ Howard F. Sachs<br>
HOWARD F. SACHS<br>
UNITED STATES DISTRICT JUDGE

March 27, 2006

Kansas City, Missouri

---

[*] I take judicial notice that Judge Laughrey recently presided over a case where there had been alleged threats against a magistrate judge who frequently worked with her. I also take judicial notice that our judges frequently handle pretrial motions involving civil actions brought by prisoners and pro se litigants against other judges on this court. This occurs with such frequency that judicial recusals would bedevil the administration of justice. As suggested in <u>Clemens</u>, the same concern unfortunately applies in cases of threats like the one alleged here.