IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 05-00377-01-CR-W-HFS |
| CRAIG O. COPLEY, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Defendant is charged with threats against certain judges. His mental competency to stand trial is challenged by the Government but defended by appointed counsel. A report and recommendation would have me rule for the Government on the competency issue and order commitment for a limited period of treatment.

In addition to the merits of the competency issue there are two legal points that need resolution. Defendant claims error in not allowing him to represent himself, with stand-by counsel for assistance. Error is also claimed for denial of confrontation rights, in that the Government's expert witness testified by telephone.

With competency in issue it would be inappropriate to assume defendant is competent to represent himself, and thus make his own presentation on his mental condition. The refusal of Judge Hays to permit defendant to represent himself "until the issue of competency was determined was clearly justified." United States v. Frazier-El, 204 F.3d 553, 559 (4th Cir. 2000).

A forensic psychologist, Christine Scroonce, who authored a report dated February 17, 2006, testified by telephone. Defendant asked his attorney to object to the lack of confrontation, but

indicated that if there had been use of video-conferencing he would not have objected. Hearing Transcript, p. 12. The issue is preserved by counsel in his objections to the report and recommendation. Doc. 66.

Defendant has raised a novel and debatable issue. United States v. Hamilton, 107 F. 3d 499 (7th Cir. 1997). A pre-trial competency proceeding is, however, conceptually and practically different from the trial of a criminal case. Although the expert witness was in Massachusetts, if an objection had been timely registered it would probably have been better practice to delay the proceeding until the witness could have been present at the hearing. From the standpoint of getting sound and truthful testimony from an expert witness whose credibility was not placed in doubt during cross-examination, defendant's objection makes little sense. Technically, however, it may well have been sound.

The report of the witness was also objected to at the hearing, but no argument is made in current objections apart from the use of the telephone. I conclude the report is soundly before me, and only the right to cross-examine the witness is in doubt. As in Hamilton, I conclude that any error was harmless. I cannot imagine that anything useful would have been disclosed to Judge Hays if she had seen the witness testify. In the alternative, if defendant has only preserved the objection to the lack of a video-taped proceeding, the distinction is immaterial in this case, where there were no credibility issues–at most, an issue as to good judgment.

I have reviewed the transcript and briefing as well as the report and recommendation. The call as to defendant's competency to stand trial is not beyond doubt. The better reasoning is supplied by Judge Hays, in my opinion, and will be accepted without elaboration. Plaintiff may well have a high IQ, despite the test results. The issue he raises about confrontation rights is quite

2

ingenious, for example. The record is full of wild, delusional material, however, and I agree with Judge Hays that defendant is currently unable to participate in a careful, sober trial presenting his defense. Just as it would be a miscarriage of justice to allow a trial to be handled by a highly intoxicated lawyer I conclude that defendant's mental condition does not permit us to proceed to trial. The report and recommendation is adopted. For the foregoing reasons I find that defendant Craig Copley is incompetent. I further ORDER that defendant be committed to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant Copley will attain the capacity to permit a trial to proceed.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June 22, 2006

Kansas City, Missouri