IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-00377-01-CR-W-HFS |
| ) | |
| CRAIG O. COPLEY, ) | |
| ) | |
| Defendant. ) | |

SUPPLEMENTAL ORDER

By Order of January 19, 2007, the Eighth Circuit Court of Appeals remanded this cause to the district court for further proceedings. Specifically, the district court was directed as follows:

> We direct that the district court expeditiously convene a supplemental hearing, at which time Dr. Scronce should testify by videoconference, in accordance with Copley's agreement that such an appearance would satisfy any procedural objection based on 18 U.S.C. §§ 4241(c) and 4247(d) or the Confrontation Clause of the Sixth Amendment. We request that the district court then advise this court by supplemental order whether, in light of these limited further proceedings and the applicable legal standard, there is any change in the court's conclusion of June 22, 2006, regarding Mr. Copley's competence.

United States v. Copley, No. 06-2773 (8th Cir. Jan. 19, 2007)(order remanding to district court for further proceedings).

A supplemental hearing was held before the undersigned on February 16, 2007.[1] Dr. Scronce

---

[1]The Court feels compelled to explain why the supplemental hearing did not take place until February 16, 2007, when the Court of Appeals had directed the District Court on January 19, 2007, to "expeditiously convene" the hearing. First, neither the District Court Clerk's office nor the district judge received a copy of the January 19, 2007 order. While the attorneys in the case did receive a copy of the order, they were apparently waiting for the Court to set up the hearing. The Court was notified of the order when a law clerk discovered it while looking at the docket sheet for the case before the Eighth Circuit. A further reason for the delay is the fact that defendant Copley's counsel sought leave to withdraw and new counsel was just appointed on

testified consistently with the testimony she had provided on May 24, 2006, the date of the original hearing. Upon Dr. Scronce's observation that defendant Copley suffered from severe symptoms of mental illness that would impair his ability to communicate with counsel, including disorganized thinking and grandiose delusions of being a certified paralegal, defendant Copley became very upset, verbally abusive of both Dr. Scronce and the Court, and demanded to leave the proceedings.[2] After the Court unsuccessfully attempted to have defendant Copley calm down and take his seat, the defendant was removed to a holding cell where he was able to hear (but not see) the remainder of Dr. Scronce's testimony.[3]

In the Forensic Report, Dr. Scronce opined that defendant's "irritability could also lead him to have inappropriate outbursts during the proceedings." (Forensic Report at 9) Defendant Copley's outburst in the courtroom on February 16 strongly supports Dr. Scronce's findings that defendant is currently unable to assist counsel or control his behavior in a trial setting and the Court's previous ruling of incompetence.

Based on the Forensic Report dated February 17, 2006, the testimony of Dr. Scronce on both May 24, 2006 and February 16, 2007, Magistrate Judge Hays' Report and Recommendation on

---

February 9, 2007. The hearing was then set as quickly as the schedules of the attorneys and Dr. Christine Scronce, the testifying forensic psychologist, would allow. In an effort to save time, the undersigned decided to preside over the hearing so that a ruling could be issued without the necessity of a report and recommendation by the magistrate judge and the corresponding time for filing objections by the parties.

[2]The undersigned has never experienced such a dramatic disruption to a proceeding in his rather lengthy career on the bench.

[3]The Court recognizes that removing defendant Copley from the courtroom somewhat defeated the purpose of the videoconference, that is providing defendant Copley the opportunity "to confront" the witness by seeing her. Defense counsel, however, remained in the courtroom and was given the opportunity to cross-examine the witness.

2

Competency, defendant Copley's pro se writings, and the Court's own observations as to how defendant Copley reacted when his credibility was called into question, the Court finds by a preponderance of the evidence that defendant Copley is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    IT IS SO ORDERED.

                                               /s/ HOWARD F. SACHS
                                               HOWARD F. SACHS
                                       UNITED STATES DISTRICT JUDGE