IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 05-0377–CR-W-HFS |
| CRAIG O. COPLEY, | ) | |
| Defendant. | ) | |

**ORDER**

At the request of Government counsel, as invited by the court, further oral argument has been heard on the issue of involuntary medication. I will not repeat or summarize the prior development of the issues, orally and in writing. The record has been supplemented by a transcript of the February 16, 2007 proceedings at which defendant was present. Page 18 records a wild and profane outburst, during which defendant forcefully insisted on leaving the courtroom rather than listening further to a witness who blandly questioned his status as a "paralegal". Although presently hearsay, I also understand that defendant not only threatened to burn my house, as the transcript indicates, but also claimed to know where I lived. I did not find the event personally alarming, and considered it an example of bluster, to which defendant seems prone.

As far as I know, there is no consideration being given to still another prosecution and I have had no contact from the Marshals regarding the safety of my residence. They seem to have reacted as I did. Threats against Governmental counsel also seem to have been ignored, and to have been shrugged off. The occurrence probably would be helpful to defendant if I were to sentence him (as

is unlikely, given my current unavailability for jury trials). That is, I have experienced what seems like meaningless ranting, resulting from a mental condition and hair-trigger emotions.[1]

A significant development was Government counsel's rough estimate that defendant may be facing, if convicted, a Sentencing Guideline range of 46-57 months, roughly four years. Defendant's counsel also conceded that a four year sentence might be in prospect, assuming no "acceptance of responsibility". My own limited review of Guideline calculations is somewhat more favorable to a shorter sentence, if defendant were convicted. I doubt that multiple violations would be countable, if several judges were named in the same recording. I also suppose that a four level decrease may be predictable, under § 2A6.1(b) (5). An imponderable would be whether there has been a "substantial disruption" of governmental services or a "substantial expenditure" of funds to respond to the alleged offense.[2]

Even if I were to speculate that a sentencing judge could be induced to impose a harshly punitive sentence of four years (perhaps panicked by the Chicago occurrence into imposing a stiff sentence based on words alone) if I were to require involuntary medication now I would expect an appeal and a stay, and if everything went well for the prosecution, quite some months of treatment and then a trial. A total of three years of confinement before conviction would be a fair estimate.

When the Supreme Court spoke of involuntary medication as a rare occurrence, under the <u>Sell</u> case, I am confident it did not contemplate use of forced medication in a case like this one,

---

[1] It may be that defendant struggled with the Marshals, which is a rather different matter.

[2] Presumably the prosecution itself does not count, and counsel did not claim that the three judges asked for or received special protection. I recognize that the defendant was taken into custody rather quickly, but he refers to "we" as though he has a crew of persons acting with him. I assume no one believed defendant to present a threat, through employment of imaginary cohorts.

2

where pretrial confinement would likely exhaust the great bulk of a sentence, if there were a conviction. See Sell v. United States, 539 U.S. 166, 180 (2003). I am satisfied that the public interest in bringing this case to trial, which I have a duty to weigh, more or less as a quasi-prosecutor who proceeds cautiously and with a sense of balance, does not require further extended prosecution in this case or cases like this one. The defendant's right to be let alone, no matter how obnoxious his mental condition may render him, clearly outweighs the need to complete this prosecution.

The statutory plan should now be followed, even if experts would conclude, contrary to my current guess, that defendant is a substantial danger to others. 18 U.S.C. § 4246. I recognize that there are serious problems in the system, as when a defendant in his current condition may be released as not a danger to society, but disruptive and disturbing incidents are constantly recurring. Involuntary medication in preparation for a trial is not the appropriate solution, however, and is not called for by the statutes or by the Supreme Court. It would, in my opinion, violate the first requirement of Sell.

Although we have not been through a full Sell proceeding, I have enough confidence in the sophistication and good judgment of the experts to be comfortable in assuming that all other requirements of Sell would be satisfied.[3] There is no getting past the rejection of the request, based on the first element of Sell, unless I were to indulge in unrealistic use of the statutory maximum,

---

[3]I am aware that my procedure may not follow the order recommended by the Court. In this case it is the "quick" and "easy" way to a solution. Where there is no obvious answer to the sensitive question posed by the first issue in Sell I would of course follow the long road mapped by the Court in Sell. If I have absolute duty to deal with the first issue last, I can expect correction by the Circuit.

3

which I believe is unsound, or could view defendant as a distinctly greater threat to society than the prosecutor argues from defendant's history or I have observed.

The request for involuntary medication is therefore DENIED.

.

                                                /s/ Howard F. Sachs
                                                HOWARD F. SACHS
                                                UNITED STATES DISTRICT JUDGE

May 16, 2007

Kansas City, Missouri