IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
       v.                      )      Case No. 05-00377-01-CR-W-HFS
                               )
CRAIG O. COPLEY,               )
                               )
            Defendant.         )

## MEMORANDUM AND ORDER

Defendant, who allegedly threatened federal judges in October, 2005, has been ruled incompetent to stand trial because of mental illness. I have also ruled that involuntary medication is inappropriate under the circumstances (largely having to do with what I perceive would be the likely punishment if guilty, as compared with the time-consuming confinement already served and to be served if medication were authorized). I stand by that ruling, which was not appealed. The case against defendant must therefore be dismissed without prejudice.[1] Whether defendant should be released from custody depends on evaluating potential danger to society. He has been evaluated, and has been determined by experts to lack dangerousness. This is the second time such a determination has been made in recent years. Shortly after his earlier release the alleged threats were made, causing another prosecution. Thus we have a frustrating situation where likely threats, caused in large part by mental illness, seem likely to be repeated once defendant is released.

_____

[1]This requires reconsideration of Doc. 102, which counsel continues to advocate. Doc. 116.

Judicial dissatisfaction with the situation has previously been expressed by Judge Britt in North Carolina. Also pertinent is the long-standing judicial inquiry from a panel in this Circuit, regarding what <u>local</u> provisions can be made for a person in defendant's situation.

Motions are pending seeking defendant's release, seeking a second opinion on dangerousness, and seeking an order of release that would somehow retain controls over defendant.

A hearing has been conducted in which Dr. Bryon Herbel, a psychiatrist who signed on the opinion that defendant should not be considered a danger to society, was called by the Government to offer support for seeking still another opinion. The testimony satisfied me that predictions of violent conduct are be no means totally reliable. Dr. Herbel gave very tepid support, however, for my ordering a second opinion. In light of defendant's general history of nonviolence and the opinions expressed after the study, I conclude that another evaluation and another opinion on risk is not appropriate. Two such opinions in recent years, when considering defendant's past conduct, are enough.

Even less persuasive is the request that I should attach conditions for supervision of defendant's conduct as an incident to an order releasing defendant. The statute cited does not apply here. It does apply to dangerous and violent individuals who are supposedly recovering. Defendant cannot legally be subject to federal restrictions after release.

As Judge Bowman noted a decade ago, the hope for proper handling of defendant, whose mental condition is very disturbing, and whose threats seem to flow almost continuously when he becomes angry, lies at the local level. <u>Copley v. Keohane</u>, 150 F.3d 827, 829 (8th Cir. 1998). This case is governed by the rules of federalism.

Case 4:05-cr-00377-HFS   Document 119   Filed 04/08/08   Page 2 of 4

Thirty years ago the Supreme Court placed constitutional limits on confinement of persons with significant mental health problems. O'Connor v. Donaldson, 422 U.S. 563 (1975). Non-dangerous individuals who are capable of surviving safely in freedom, either on their own or with help from willing and responsible family or friends, cannot be involuntarily confined by the local communities. Although no federal laws may apply, individuals whose mental condition renders them "helpless to avoid the hazards of freedom" can be confined, if local law and facilities are available. 422 U.S. at 574, n. 9.

In this case, although federal charges were filed in Missouri, it seems that Ohio may be defendant's domicile, and was the place where he was taken into custody. Therefore, he should be released, with transportation to Ohio made available. This is defendant's wish, according to counsel. Defendant should not, however, simply be dumped on a bus or at some facility available to the homeless. He is most unlikely to have everyone who contacts him treat him as he would wish. If not, disturbing threats may be expected. I consider defendant to be in danger of violence, if not violent himself, as he is very likely to infuriate members of the public, some of whom, or perhaps law enforcement personnel, may be likely to retaliate to threats in a physically harmful way.

It was my understanding at the hearing that situations comparable to this are not unprecedented at the facility in Butner, North Carolina, where defendant is now confined. Contacts within the social worker community can apparently be made, and arrangements that may preserve defendant's safety and well-being may result. A short time-frame for release is therefore desirable, and is, I believe, within my inherent power. As a protective measure for defendant it is therefore ORDERED that defendant be released from federal custody no later than May 15, 2008.

It is further ORDERED that the indictment be dismissed without prejudice.

3

It is further ORDERED that the Government's request in Doc. 115 for a second evaluation under 18 U.S.C. § 4246(b) is DENIED and the Government's alternate request for a conditional release under 18 U.S.C. § 4246(e)(2) is DENIED.


                                     /s/ Howard F. Sachs
                                  HOWARD F. SACHS
                                  UNITED STATES DISTRICT JUDGE

April 8, 2008

Kansas City, Missouri

Case 4:05-cr-00377-HFS   Document 119   Filed 04/08/08   Page 4 of 4